~AO 241
(Rev. 12/04)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY** A PERSON IN STATE CUSTODY

0 7 - 5 6 7

| **United States District Court** | District: Delaware |
|---|---|

| Name (under which you were convicted) : Kevin W. Wilson, Jr. | | Docket or Case No: |
|---|---|---|

| Place of Confinement : Delaware Correctional Center ("DCC") in Smyrna, DE | Prisoner No.: 00263255 |
|---|---|

| *Petitioner( include the name under which you were convicted)* | *Respondent (authorized person having custody of petitioner)* |
|---|---|
| Kevin w. Wilson, Jr. | v.   Thomas Carroll, Warden |

The Attorney General of the State of Delaware: Joseph R. Biden, III

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court in and for Sussex County

    (b) Criminal docket or case number (if you know): Def. ID#0012014953

2.  (a) Date of the judgment of conviction (if you know): July 13, 2001

    (b) Date of sentencing: August 24, 2001

3.  Length of sentence: 78 years at Level V, suspended after serving 48 years at Level V for probation

4.  In this case, were you convicted on more than one count or of more than one crime?      ☒ Yes      ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Two counts of Rape in the First Degree, one count of Rape in the Second Degree, one count of Assault in the Second Degree, and four
    counts of Possession of a Deadly Weapon During the Commission of a Felony

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty       ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty           ☐ (4)  Insanity plea

FILED

SEP 20 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned
NO IFP

~AO 241
(Rev.12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you

plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

                   ☒ Jury        ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

                   ☒ Yes        ☐ No

8.    Did you appeal from the judgment of conviction?

                   ☒ Yes        ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Delaware Supreme Court

(b) Docket or case number (if you know): 430, 2001

(c) Result: Affirmed

(d) Date of result (if you know): May 31, 2002

(e) Citation to the case (if you know):

(f) Grounds raised: (1) Batson challenges to exclude any African-American jurors, (2) the trial judge abused his discretion by admitting

under Del. Code Ann. tit. 11, § 3507 several statements Cornish made shortly after the incident in question, and (3) the trial court erred

refusing to issue a missing evidence instruction regarding the rape kit taken at the hospital.

(g) Did you seek further review by a higher state court?     ☐ Yes       ☒ No

                If yes, answer the following:

                (1) Name of court:

                (2) Docket or case number (if you know):

                (3) Result:

                (4) Date of result (if you know):

AO 241
(Rev.12/04                                                                                          Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
motions

concerning this judgment of conviction in any state court?              ☒ Yes         ☐ No

11    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Superior Court in and for Sussex County

(2) Docket or case number (if you know): Cr. ID No. 0012014953

(3) Date of filing (if you know): June 15, 2005

(4) Nature of the proceeding: Superior Court Criminal Rule 61 (Post-Conviction

Relief)

(5) Grounds raised: Ineffective Assistance of Counsel: (1) counsel failed to request a
jury instruction on self-defense, (2) failure to object to nurse's testimony, (3) failure to
object to victim's reference, (4) counsel failed to have four jurors stricken from the panel,
(5) counsel failed to object to Detective Sean Moriarty's testimony, (6) counsel failed to
retained an blood alcohol content expert, (7) counsel failed to impeach Jorge Sierra
medical records, (8) counsel should not have set up meet with Adkins to discuss his client
case, (9) counsel should have objected to testimony that his client was attracted to black
women and he had not had sex for over a year, (10) counsel should have objected to
Officer Kirby's testimony when he was reading from his police report, and (11) all of the
cumulative effect of all of the alleged errors by counsel deprived petitioner of his right to
a fair trial.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes         ☒ No

(7) Result: Denied

(8) Date of result (if you know): March 9, 2006

~AO 241
(Rev.12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** counsel failed to request a jury instruction on self-defense

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner testified in his own defense that he was attacked in his own home by Jorge Sierra from behind. Petitioner attempted to defend himself from the attackers, Mr. Sierra and Ms. Cornish, and fled. Petitioner was found at a friend house, covered in his own blood, injured, and about to lapse into unconsciousness. Despite this testimony, no self defense instruction was requested by defense counsel nor was any given.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☒    No

(2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of counsel

cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Post-conviction Relief ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court, Sussex county

Docket or case number (if you know): Def. ID #0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?                             ☐Yes        ☒ No

(4) Did you appeal from the denial of your motion or petition?                        ☒Yes        ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal        ☒Yes        ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: September 28, 2006

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Counsel failed to object to nurse's testimony

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Haller should have objected to Nurse Julie Gerhardt's testimony because she was a "junk expert" whose opinion were not disclosed to the defense in discovery.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Claims of ineffective assistance of counsel cannot be raised for the first time before the Supreme Court on direct appeal

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☒ Yes   ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court, Sussex County

Docket or case number (if you know): Cr. ID No. 00120014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition | ☒ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☒ Yes | ☐ No |

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: September 28, 2006

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** counsel failed to object to victim's reference

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): counsel failed to object when Cornish and Sierra were referred to as "victims."

~AO 241
(Rev.12/04)

(b)     If you did not exhaust your state remedies on Ground Three, explain why?


(c)     **Direct Appeal of Ground Three:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes     ☒ No

        (2) if you did not raise this issue in your direct appeal, explain why: Claims of ineffective assistance of counsel cannot be raised for the first time before the Supreme Court on direct appeal.


(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                ☒ Yes            ☐ No

        (2) If your answer to Question (d) (1) is "Yes," state:

        Type of motion or petition: ("Rule 61")

        Name and location of the court where the motion or petition was filed: Superior Court, Sussex County


        Docket or case number (if you know): Cr. ID No. 0012014953

        Date of the court's decision: March 9, 2006

        Result (attach a copy of the court's opinion or order, if available): Denied


        (3) Did you receive a hearing on your motion or petition?                              ☐ Yes     ☒ No
        (4) Did you appeal from the denial of your motion or petition?                         ☒ Yes     ☐ No
        (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal? ☒ Yes     ☐ No
        (6) If your answer to Question (d) (4) is "Yes," state:

        Name and location of the court where the appeal was filed: Delaware Supreme Court


        Docket or case number (if you know): 156, 2006

        Date of the court's decision: September 28, 2006

        Result (attach a copy of the court's opinion or order, if available): Affirmed

~AO 241
(Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** counsel failed to have four jurors stricken from the panel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): the first juror that Wilson believes that should have
been excused was a correctional officer. It is Wilson's contention that this juror knew the petitioner was incarcerated with the most dangerous pre-trial
inmates, thereby implying the juror was pre-disposed to be prejudiced toward the petitioner.

(b) if you did not exhaust your state remedies on ground Four, explain why:

(c)     **Direct Appeal of Ground four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☒ No

        (2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of counsel
cannot be raised for the first time before the Supreme Court on direct appeal.

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes    ☐ No

        (2) If your answer to Question (d) (1) is "Yes," state:

        Type of motion or petition: Post-conviction ("Rule 61")

~AO 241
(Rev.12/04

Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

Docket or case number (if you know): Cr. ID No. 0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☒ Yes | ☐ No |
| (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal | ☒ Yes | ☐ No |

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: September 28, 2006

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground   :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Five: Counsel failed to object to Detective Sean Moriarty's testimony**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):Detective Moriarty testified that the wounds on wilson's back were not defensive wounds and that they were inconsistent with wilson's version of the events. Haller stated he did not object because he believed that Moriarty did not have to be an expert to offer this testimony

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c)     **Direct Appeal of Ground**     :

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

    (2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of

    counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒Yes     ☐ No

    (2) If your answer to Question (d) (1) is "Yes," state:

    Type of motion or petition: ("Rule 61")

    Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

    Docket or case number (if you know): 0012014953

    Date of the court's decision: March 9, 2006

    Result (attach a copy of the court's opinion or order, if available): Denied

    (3) Did you receive a hearing on your motion or petition?     ☐Yes     ☒ No

    (4) Did you appeal from the denial of your motion or petition?     ☒Yes     ☐ No

    (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal     ☒Yes     ☐ No

    (6) If your answer to Question (d) (4) is "Yes," state:

    Name and location of the court where the appeal was filed: Delaware Supreme Court

    Docket or case number (if you know): 156, 2006

    Date of the court's decision: 09/28/06

    Result (attach a copy of the court's opinion or order, if available): Affirmed

    (7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground          :

**Additional Ground Under 28 U.S.C. § 2254**

**GROUND Six: Counsel failed to retained an blood alcohol content expert,**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Wilson argues that Haller should have retained an expert witness to testify why Wilson, who had a blood alcohol content of .17 and marijuana in his system, would falsely confess to crimes he did not commit.

(b) If you did not exhaust your state remedies on Ground Six, explain why:

(c)    **Direct Appeal of Ground**    :

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

Docket or case number (if you know): 0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal    ☒ Yes    ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: 09/28/06

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground        :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Seven: Counsel failed to impeach Jorge Sierra medical records,**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):Wilson argues that Haller failed to impeach Sierra with his medical records, which showed that Sierra had a .351 blood alcohol content , marijuana, and cocaine in his system.

(b) If you did not exhaust your state remedies on Ground Seven, explain why:

(c)     **Direct Appeal of Ground**      :

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes        ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of

counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

Docket or case number (if you know): 0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?           ☐ Yes        ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes        ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal          ☒ Yes        ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: 09/28/06

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground          :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Eight: Counsel should not have set up a meeting with Adkins to discuss his client's case,**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):Wilson argues that Haller should not have set up a meeting with Adkins for the three of them to discuss the case. Wilson,Haller and Adkins met together at the courthouse during a case review. Wilson argues that this destroyed the attorney-client privilege and allowed Adkins insight into Wilson's case.

(b) If you did not exhaust your state remedies on Ground Eight, explain why:

(c)   **Direct Appeal of Ground**   :

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

Docket or case number (if you know): 0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: 09/28/06

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground          :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Nine:** Counsel should have objected to testimony that his client was attracted to black women and he had not had sex for over a year,

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Wilson argues that Haller should have objected to testimony that he was attracted to black women and had not had sex for over a year. Wilson suggests that the statement led the jury to believe that he was more likely to commit the crimes because he had not had sex in over a year and because he was attracted to black women.

(b) If you did not exhaust your state remedies on Ground Nine, explain why:

(c)     **Direct Appeal of Ground**    :

     (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☒ No

     (2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of

     counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☒ Yes    ☐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition: ("Rule 61")

     Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

     Docket or case number (if you know): 0012014953

     Date of the court's decision: March 9, 2006

     Result (attach a copy of the court's opinion or order, if available): Denied

     (3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☒ No

     (4) Did you appeal from the denial of your motion or petition?     ☒ Yes    ☐ No

     (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal     ☒ Yes    ☐ No

     (6) If your answer to Question (d)(4) is "Yes," state:

     Name and location of the court where the appeal was filed: Delaware Supreme Court

     Docket or case number (if you know): 156, 2006

     Date of the court's decision: 09/28/06

     Result (attach a copy of the court's opinion or order, if available): Affirmed

     (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground         :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Ten: Counsel should have objected to Officer Kirby's testimony when he was reading from his police report,**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):Wilson argues that Haller should have objected to Officer Kirby's testimony when he was reading from his report. Wilson also argues that the judge should have stoped it.Officer Kirby was reading from his police report to answer Adkins' questions. Haller objected to this and the judge sustained the objection.Despite this ,Officer Kirby continued to read from his report.

(b) If you did not exhaust your state remedies on Ground Ten, explain why:

(c)     **Direct Appeal of Ground**     :

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

Docket or case number (if you know): 0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?                               ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal       ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156, 2006

Date of the court's decision: 09/28/06

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground          :

## Additional Ground Under 28 U.S.C. § 2254

**GROUND Eleven: All of the cumulative effect of all of the alleged errors by counsel deprived petitoner of his right to a fair trial.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Wilson argues that the cumulative effect of all of the alleged error by Haller deprived him of his right to a fair trial.

(b) If you did not exhaust your state remedies on Ground Eleven, explain why:

(c)    **Direct Appeal of Ground**      :

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☒ No

(2) if you did not raise this issue in your direct appeal explain why: Claims of ineffective assistance of counsel cannot be raised for the first time before the Supreme Court on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ("Rule 61")

Name and location of the court where the motion or petition was filed: Superior Court. Sussex County

Docket or case number (if you know): 0012014953

Date of the court's decision: March 9, 2006

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?        ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 156,2006

Date of the court's decision: September 28, 2006

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground     :

~AO 241
(Rev.12/04)

Page 13

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having

jurisdiction'?                  ☒ Yes            ☐ No

      If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
      presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, ground
      or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
      that you challenge in this petition?              ☐ Yes            ☒ No
      If"Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
      raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy
      of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
      the judgment you are challenging?              ☐ Yes            ☒ No
      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

~AO 241
(Rev. 12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:              Scott Wilson, Esquire

       (b) At arraignment and plea:             Scott Wilson, Esquire

       (c) At trial:                            Karl Haller, Esquire

       (d) At sentencing:                       Karl Haller, Esquire

       (e) On appeal:                           Karl Haller, Esquire

       (f) In any post-conviction proceeding:   Edward C. Gill, Esquire

       (g) On appeal from any ruling against you in a post-conviction proceeding: Edward C. Gill, Esquire

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?        ☐ Yes    ☒ No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:
       (c) Give the length of the other sentence:
       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
                        ☒ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations
       as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\*     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of.

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reversal or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___**09 /07/07**_____ (month, date, year).

Executed (signed) on __09/07/07_____ (date).

_Klim W. Wilson Cr_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]
*****



Kevin w. Wilson Sr.
SBI # 00263255
D.C.C.
1181 Paddock Rd.
Smyrna, DE. 19977

$ 04.60
0904509975   SEP 18 2007
MAILED FROM ZIP CODE 19977

United States District Court
For the
District of Delaware
J. Caleb Boggs Building
844 King St.
Locker Box 18
Wilmington, DE. 19801