IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN W. WILSON, JR.,           :
                                :
        Petitioner,             :
                                :
v.                              :    Civil Action No. 07-567-JJF
                                :
PERRY PHELPS, Warden, and       :
ATTORNEY GENERAL OF THE         :
STATE OF DELAWARE,              :
                                :
        Respondents.            :

_____

Kevin W. Wilson, Jr.  Pro Se Petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

_____


**MEMORANDUM OPINION**


September 23, 2008
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Kevin W. Wilson, Jr. ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On the evening of Friday, December 21, 2000, Petitioner met Jorge Sierra and Naydean Cornish at a tavern in Greenwood, Delaware. Neither Sierra nor Cornish had met Wilson before that night. At the tavern, Wilson, Sierra, and Cornish drank alcohol and played pool until the tavern closed. They then moved to Wilson's nearby apartment and continued drinking. The State argued at trial that, at some point that evening, a visibly intoxicated Sierra went into Wilson's bathroom where Petitioner attacked him with a pool stick, leaving Sierra unconscious. Petitioner then threatened and repeatedly raped Cornish. Cornish managed to free herself from Petitioner and ran outside to Wilson's neighbor's house and called the police. Cornish then went to the hospital where she was examined. As part of the examination, the nurse conducted tests for inclusion in a rape kit. Wilson v. State, 798 A.2d 1042 (Table), 2002 WL 1159714 (Del. May 31, 2002).

1

In July 2001, a Delaware Superior Court jury convicted Petitioner of two counts of first degree rape, one count of second degree rape, one count of second degree assault, and four counts of possession of a deadly weapon during the commission of a felony. The Delaware Superior Court sentenced Petitioner to seventy-eight years of imprisonment, suspended after forty-eight years for a term of probation to follow. See State v. Wilson, 2006 WL 1064179 (Del. Super. Ct. Mar. 9, 2006). Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. Wilson, 2002 WL 1159714.

In June 2005, Petitioner filed an application for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). See (D.I. 17, Del. Super. Ct. Crim. Dkt.) The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision in September 2006. Wilson v. State, 907 A.2d 146 (Table), 2006 WL 2632565 (Del. Sept. 12, 2006).

## II. DISCUSSION

Petitioner filed the instant Petition for federal habeas relief in September 2007, asserting numerous allegations of ineffective assistance of counsel. Respondents filed an Answer requesting the Court dismiss the Petition as untimely, or alternatively, as failing to warrant habeas relief under § 2254(d)(1). (D.I. 13.) The Court will deny the Petition as time-

2

barred.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, dated September 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations

3

began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on May 31, 2002, and he did not seek certiorari review in the United States Supreme Court. As a result, Petitioner's conviction became final on August 29, 2002, and applying the one-year limitations period to that date, Petitioner had until August 29, 2003 to timely file his Petition. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitation period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court.); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Pursuant to the prison mailbox rule, the Petition was filed on September 7, 2007, the date indicated on the Petition. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Thus, the Petition was filed more than four years after the expiration of the AEDPA's limitations and is therefore time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each

doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998).

Here, Petitioner filed his Rule 61 motion June 16, 2005, almost two full years after the expiration of the AEDPA's limitations period. Therefore, the Rule 61 motion has no statutory tolling effect.

5

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing his Petition. To the extent Petitioner's untimely

6

filing was due to a mistake in his computation of the AEDPA's limitations period, that mistake does not trigger equitable tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). And finally, Petitioner has failed to demonstrate that he exercised the requisite diligence necessary to trigger the equitable tolling doctrine. See, e.g. (D.I. 13, at p. 4.) Accordingly, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a

habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.